IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-199-D

| | |
|---|---|
| STEVEN OBRIAN ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

On April 2, 2014, Steven Obrian Alexander ("Alexander" or "plaintiff"), a state inmate proceeding pro se, initiated this action against the United States of America [D.E. 1]. Alexander proceeds in forma pauperis [D.E. 2, 4]. As explained below, the court dismisses the action as frivolous.

On May 16, 1994, in Guilford County Superior Court, Alexander

> pled guilty to second-degree murder, robbery with a dangerous weapon, and conspiracy to commit robbery with a dangerous weapon in cases 93 CRS 20511, 92 CRS 72439, and 92 CRS 72442, respectively.... On August 25, 1994, [Alexander] was sentenced to life plus forty years imprisonment pursuant to the terms of his plea agreement.

Alexander v. McCabe, No. 1:05CV1057, 2006 WL 3168338, at *1 (M.D.N.C. Nov. 1, 2006) (unpublished). Alexander is incarcerated at Harnett Correctional Institution ("Harnett"). Compl. [D.E. 1] 1. In his complaint, Alexander cites these criminal case numbers and others and "seeks the Acceptance for Value and Consideration, For Discharge and Return of account numbers/charges . . . for full settlement and closure and to release [himself] . . . from the liability of the bond(s) created therein via the Miller Act." Id. 2.

Alexander's complaint is frivolous. A criminal judgment is not a financial document the terms of which may be negotiated by commercial codes or contractual principles. See, e.g., Rowe v. Pennsylvania, No. 14-2702, 2014 WL 2805239, at *1 (E.D. Pa. June 20, 2014) (unpublished); McCullough v. United States, No. 3:11CV176, 2011 WL 3652332, at *2 (E.D. Va. Aug. 18, 2011) (unpublished); Crawford v. United States, No. 09-3078-RDR, 2009 WL 1657546, at *1 (D. Kan. June 12, 2009) (unpublished). Moreover, another court in this district has already considered—and rejected—a nearly identical complaint filed on the same day by another Harnett inmate. See Vereen v. United States, No. 5:14-CV-197-FL, 2014 WL 2525860, at *1–4 (E.D.N.C. June 4, 2014) (unpublished). Thus, the court dismisses the complaint as frivolous.

In sum, the court DISMISSES plaintiff's complaint as frivolous under 28 U.S.C. § 1915A. The clerk shall close the case.

SO ORDERED. This 10 day of January 2015.

JAMES C. DEVER III
Chief United States District Judge